```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                          CRIMINAL ACTION NO. 2:08-00179

**LACHANCE WOODSON**

## SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
## MEMORANDUM OPINION AND ORDER

On November 13, 2014, the United States of America appeared by Monica D. Coleman, Assistant United States Attorney, and the defendant, LaChance Woodson, appeared in person and by his counsel, Mark L. McMillian, for a hearing on the petition on supervised release and amendments thereto submitted by United States Probation Officer Troy A. Lanham.  The defendant commenced a three-year term of supervised release in this action on April 12, 2013, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on December 15, 2010.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects:  (1) the defendant failed to submit monthly reports for the months of October and November 2013; (2) the defendant failed to notify the probation officer of his change in residence inasmuch as on December 5, 2013, the probation officer attempted to locate the defendant at his residence at which time the defendant's mother advised that he no longer lived there and that she had not seen him in over a month, rendering his whereabouts unknown; (3) the defendant failed to gain employment since the commencement of supervised release despite the probation officer's multiple prompts and employment referrals; (4) the defendant committed the federal and state offense of possession with intent to distribute heroin on February 6, 2014, inasmuch as he was apprehended with 1.4 grams of heroin individually packaged; (5) the defendant committed the state and local offenses of failing to stop and fleeing from law enforcement inasmuch as on February 6, 2014, when, according to the report received by the United States Marshals Service, officers activated their emergency lights in an attempt to stop the vehicle the defendant was driving at

which time the defendant fled traveling in excess of 60 mph in a residential neighborhood, the defendant having subsequently fled on foot after officers announced their presence forcing the officers to discharge their taser, and once apprehended, the defendant continued to push and strike the arresting officer; (6) the defendant used and possessed marijuana and benzodiazepene as evidenced by a positive urine specimen submitted by him on February 10, 2014, and his subsequent admission to the probation officer that he had used both; (7) the defendant failed to notify the probation officer within 72 hours of being questioned by law enforcement inasmuch as he failed to notify the probation officer that he was detained and questioned by law enforcement on October 12, 2013; and (8) the defendant violated federal and state law inasmuch as a search warrant was executed at his residence on October 12, 2013, at which time he was found to be in possession of a .45 caliber handgun and ammunition as a convicted felon, was found to be in possession with the intent to distribute 10 baggies of cocaine weighing 357 grams and 1,487 grams of cocaine base, as well as having been found to be in possession of $22,880 in US currency and two sets of digital scales; all as evidenced by the defendant's stipulation on the record of the hearing that the

government possesses sufficient evidence to prove the violations of law and the violations of the conditions of supervised release by a preponderance of the evidence, and all as set forth in the petition on supervised release and amendments thereto.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of TWENTY-FOUR (24) MONTHS.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: December 2, 2014

John T. Copenhaver, Jr.
United States District Judge

5